UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ANTHONY JACOBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 3:24-cv-00031-RLY-CSW |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Anthony Jacobs has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He challenges a prison disciplinary proceeding in which he was found guilty of possession of a cell phone and sanctioned with a loss of 60 days of good-time credits, along with another non-custodial sanction not relevant to this proceeding. [Filing No. 16-5 at 1.] For the reasons explained below, the Court takes Mr. Jacobs' Petition under advisement and orders further proceedings.

## I.
## LEGAL BACKGROUND

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II.
### FACTUAL BACKGROUND

This case's foundational facts are largely undisputed. [*See* Filing No. 21 at 2-3 (Mr. Jacob reproducing verbatim the Respondent's statement of facts at Filing No. 16 at 3-4).] So the Court recounts the facts as the parties have presented them and as relevant to the Court's analysis, accounting for material disputes.

On November 7, 2023, after a trip off of prison grounds, some inmates arrived back to the Edinburgh Correctional Facility, where Sergeant M. Pitcher and Sergeant Robert Robinson divided them into groups to be strip-searched. [Filing No. 16-3 at 1.] After the first group of inmates left the room, the Sergeants "went through and searched each stall to ensure there was no contraband or prohibited property left, which there was none." [Filing No. 16-3 at 1.] Then came the second group of inmates, who each "entered their stalls under direct supervision of staff." [Filing No. 16-3 at 1.] Sergeant Robinson was conducting a strip search of Mr. Jacobs when he noticed that Mr. Jacobs was "standing on one side of the stall and appeared nervous." [Filing No. 16-1 at 1.] According to Sergeant Robinson, Mr. Jacobs "attempted to block [Sergeant Robinson's] line of [sight] into the side of the stall." [Filing No. 16-1 at 1.] Sergeant Robinson noticed that "the black floor mat was lifted up into the corner of the stall and it appeared that something was under the mat." [Filing No. 16-1 at 1.] He then ordered Mr. Jacobs to "move to the other side of the wall." [Filing No. 16-1 at 1.] Once Mr. Jacobs moved, Sergeant Robinson looked under the mat and discovered a "cell phone with a charger wrapped in a black glove, Saran wrap, and dark colored tape." [Filing No. 16-1 at 1.]

Sergeant Pitcher was conducting a strip search "in the next stall and observed this incident." [Filing No. 16-1 at 1.] Observing that both Sergeants had "searched the stalls prior to" Mr. Jacobs' arrival, Sergeant Robinson concluded that Mr. Jacobs was improperly in possession of a cell phone

2

and charged him with Offense A 121, Unauthorized Use or Possession of Cellular Telephone or Other Wireless or Cellular Communications Device. [Filing No. 16-1 at 1.] Mr. Jacobs later received notice that he would be subject to a disciplinary hearing, which was overseen by Sergeant Dennis McGill. [Filing No. 16-4 at 1.]

What happened next is sharply disputed. According to Mr. Jacobs, Sergeant McGill "had a conversation with [him] before the hearing discussing what sanctions will be imposed." [Filing No. 21 at 1.] Mr. Jacobs alleges under penalty of perjury that Sergeant McGill stated "I did not drive 2hrs here to find you not guilty, but what I will do is go light on you. I will put 90 days on the shelf and take 60 days from you." [Filing No. 2 at 2; Filing No. 2 at 6 ("declar[ing] under penalty of perjury that all of the statements in [Mr. Jacobs'] petition are true").] During the hearing, which was recorded on video, Mr. Jacobs argued that the phone was not his because it was under a mat in a common area, presumably suggesting that it belonged to someone else. [Filing No. 16-1 at 1.] Sergeant McGill then found Mr. Jacobs guilty and stated he would impose 90 days of suspended segregation and deprive 90 days of good-time credit. [Filing No. 18-1 at 13:55-14:23 (video filed ex parte with the Court).] After listening to the sanctions, Mr. Jacobs responded, "I thought it was 60." [Filing No. 18-1 at 13:55-14:23.] Sergeant McGill replied, "That is what I said. I'm a man of my word." [Filing No. 18-1 at 13:55-14:23.] Sergeant McGill then lowered the lost credit time to 60 days. [Filing No. 18-1 at 13:55-14:23.]

Mr. Jacobs later appealed his sanctions internally, and both appeals were denied. [Filing No. 16-8 (appeal to warden denied); Filing No. 16-9 (appeal to final reviewing authority denied).] He then filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254.

3

## III.
### ANALYSIS

Mr. Jacobs started his Petition arguing many grounds for relief, but in his reply he states that he has "abandoned" all arguments except for one, that Sergeant McGill was not an impartial decisionmaker. [Filing No. 21 at 3-4.] The Court therefore addresses only this argument below.

Mr. Jacobs argues in support of his Petition that at the hearing, Sergeant McGill had a conversation with him and said "I did not drive 2hrs here to find you not guilty, but what I will do is go light on you. I will put 90 days on the shelf [suspended sanction] and take 60 days from you." [Filing No. 2 at 2.] Mr. Jacobs argues that Sergeant McGill "had already determined that [he] was guilty before the hearing even started." [Filing No. 2 at 2.]

The Respondent argues that although Mr. Jacobs states that Sergeant McGill "prejudged the case" "at [his] disciplinary hearing," "the video shows otherwise." [Filing No. 16 at 10.] The Respondent states that the video shows "no such statement or discussion," only that Sergeant McGill "listened to and carefully wrote down Jacobs' statement, even going back to add more after discussing it with Jacobs, and he never said anything about wanting to find Jacobs not guilty because he travelled two hours to the hearing." [Filing No. 16 at 11.] The Respondent argues that "[t]here is no violation here." [Filing No. 16 at 11.]

In reply, Mr. Jacobs clarifies his allegation, stating that Sergeant McGill's conversation with him occurred "before the hearing" and "off the record." [Filing No. 21 at 1; Filing No. 21 at 4.] He states that he "had a conversation that took place off camera with [Sergeant] McGill that revealed his disposition," namely, that "he didn't drive two hours down here to find me not guilty but I will go light on you." [Filing No. 21 at 5.] Mr. Jacobs compares the alleged off-camera conversation before the hearing with Sergeant McGill's recorded discussion during the hearing. [Filing No. 21 at 5.] Mr. Jacobs points out that after Sergeant McGill stated that he was going to

4

deprive Mr. Jacobs of 90 days of good-time credit, Mr. Jacobs said, "I thought you were only tak[ing] sixty days instead of ninety." [Filing No. 21 at 5.] Mr. Jacobs observes that Sergeant McGill then reduced the loss from 90 days down to 60 days, replying, "I am a man of my word." [Filing No. 21 at 5 (citing Filing No. 18-1 at 14:12-27)]. Mr. Jacobs argues that "I am a man of my word" has to refer to Sergeant McGill's being "reminded of [their] off camera conversation." [Filing No. 21 at 5.] Mr. Jacobs avers that if an off-camera conversation had not taken place, Sergeant McGill's statement would not have made sense. [*See* Filing No. 21 at 5.] Consequently, Mr. Jacobs concludes that the statement was "consistent with the off camera conversation which in itself proves a predetermination of guilt," violating his right to due process. [Filing No. 21 at 6.]

"It is well-settled that due process in a prison disciplinary hearing requires . . . a hearing before an impartial decisionmaker." *Prude v. Meli*, 76 F.4th 648, 657 & n.4 (7th Cir. 2023) (citing *Wolff*, 418 U.S. 539 (1974)). A sufficiently impartial decisionmaker is necessary to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Indeed, "the constitutional standard for impermissible bias is high." *Id.* Nonetheless, that high standard is met if a hearing officer has "predetermined the outcome." *Prude*, 76 F.4th at 658-59.

Standing alone, Mr. Jacobs' allegation that Sergeant McGill stated "I did not drive 2hrs here to find you not guilty" would be insufficient. *See Piggie*, 342 F.3d at 667 (affirming district court's denial of habeas relief where "the record [did] not reflect the degree" of partiality that the petitioner alleged). But under penalty of perjury, Mr. Jacobs supports his allegation, adding that the off-camera conversation included a description of the intended sanctions of 90 days "on the

shelf" and 60 days of lost good-time credit. [Filing No. 2 at 2.] Those were indeed the ultimate sanctions. *See Prude*, 76 F.4th at 655 (observing allegation that hearing officer offered "the same punishment [that a prison official] had offered [the petitioner]" before the hearing). Significantly, Mr. Jacobs corroborates his off-camera discussion with his on-camera hearing. On tape, when Sergeant McGill originally stated that Mr. Jacobs would lose 90 days of good-time credit, Mr. Jacobs responded, "I thought it was 60." [Filing No. 18-1 at 13:55-14:23.] Sergeant McGill then replied, "That is what I said. I'm a man of my word." [Filing No. 18-1 at 13:55-14:23.] Prior to that point on video, there appears to be no other reference to good-time credit. Being "a man of [his] word," does indeed suggest that Sergeant McGill was committing to a course of action based on a discussion had off-camera before the hearing. *See Prude*, 76 F.4th at 654 (reversing summary judgment where "[p]rior to a hearing . . . [the petitioner] and [a prison official] spoke multiple times," during which the prison official "guaranteed[d] that the hearing officer" would rule against him). The Court notes, however, that there could have been an off-camera conversation discussing potential sanctions without Sergeant McGill predetermining the outcome. *See Prude*, 76 F.4th at 656 (observing that the district court held that a supposed conversation by a prison official indicated "that he was confident in the charges lodged against [the petitioner], not that he was orchestrating the outcome of the disciplinary hearing").

In short, there is a material factual dispute as to whether Sergeant McGill was impartial, or whether he had pre-determined Mr. Jacobs' guilt before the hearing. If Mr. Jacobs' allegations are true, he would be entitled to relief. *See, e.g.*, *Kirby v. Superintendent*, 2019 WL 251245, at *1 (S.D. Ind. Jan. 16, 2019) (granting habeas relief where before the disciplinary hearing the petitioner "received orders to move to disciplinary segregation," and the result of the hearing was indeed

6

"confinement in disciplinary segregation").  In such circumstances the Seventh Circuit has made clear the need for a court to gather additional evidence:

> [A] prison disciplinary board [is] not entitled to the presumption of correctness that 28 U.S.C. § 2254(e) affords to judicial findings. . . . [W]hen a prisoner who seeks a writ of habeas corpus provides competent evidence (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies.

*Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006).

In light of this precedent, the Court cannot rule on the merits of Mr. Jacobs' Petition based solely on the record because of the parties' factual dispute.  *See, e.g.*, *Crockett v. Warden*, 2024 WL 837230, at *3 (S.D. Ind. Feb. 28, 2024) (ordering respondent to state "whether they wish to request an evidentiary hearing" where there was a "factual dispute" over "whether [the petitioner] refused to attend his disciplinary hearing" or "whether prison officials conspired to convict [the petitioner] . . . without informing him of the charge, inviting him to attend the disciplinary hearing, or notifying him in writing of the decision as he claims in his petition"); *Peacher v. Reagle*, 2023 WL 2973783, at *4 (S.D. Ind. Apr. 17, 2023) (ordering respondent to state whether they intended to have an evidentiary hearing amid factual dispute regarding whether the petitioner "was convicted without a disciplinary hearing"); *Pannell v. Warden*, 2020 WL 416266, at *5 (N.D. Ind. Jan. 27, 2020) (ordering an evidentiary hearing where there was a "factual dispute about whether [the petitioner's] due process rights were violated by denying him the ability to be present during . . . live testimony").

## IV.
### CONCLUSION

Among a prisoner's "privileges and rewards which can be taken away when [he] misbehave[s]," "[f]orfeiting good conduct time credit is perhaps the most serious loss."  *Redding*

7

*v. Fairman*, 717 F.2d 1105, 1116 (7th Cir. 1983). "The surest protection" against unconstitutional loss "is an impartial decisionmaker." *Id.* From the current record, it is not clear that this constitutional protection was upheld. Accordingly, the Court **ORDERS** the Respondent **to file a notice within 21 days of the issuance of this Order** stating whether they wish to request an evidentiary hearing, or instead vacate the sanctions against Mr. Jacobs and accordingly recalculate his good-time credit and prison-release date. If the Respondent requests an evidentiary hearing, the Court will set a hearing date and determine whether to appoint counsel for Mr. Jacobs. *See* Rule 8 of the *Rules Governing Section 2254 Cases* (stating that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A").

Date: 10/15/2024

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY JACOBS
871493
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov